

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 18, 1968

Hon. Richard E. Rudeloff
County Attorney
Bee County Courthouse
Beeville, Texas   78102

Opinion No. M-242

Re: Whether a County Commis-
sioners Court is required
to advertise and take com-
petitive bids in order to
award a contract for ser-
vices amounting to an annual
charge not to exceed $2,500.00
to be paid out of current
funds.

Dear Mr. Rudeloff:

By recent letter you have requested an opinion
concerning the above stated matter.  We quote from your letter
as follows:

"...

"Bee County, Texas has a population of
23,755 according to the last Federal Census.
The Commissioners Court of Bee County has set
up computer equipment and records in its tax
office which the court wishes to be processed
by a company equipment to perform such work.
Such work or services will consist of preparing
and supplying necessary forms for one year of
the tax roll, tax reports, tax statements, in-
ventory and proof roll.

"A contract to perform this service has
been submitted by Texas Statistical Services,
Inc. of Waxahachie, Texas for a total annual
charge 'not to exceed the sum of $2,500.00,
which will be the maximum limit of liability
for the tax authority.'

-1181-

"In the current budget Bee County
provided for the amount of $2,500.00 to
pay for such services and now has such
amount available in its current funds.
The Commissioners Court of Bee County now
wishes to enter into the aforesaid contract
with Texas Statistical Services, Inc. with-
out submitting the contract to competitive
bids.

"It is the opinion of the undersigned
that the contract in question does not need
to be submitted to competitive bidding under
provisions of Article 2368a, Vernon's Civil
Statutes. This is based upon Opinion No. M-
172 of the Attorney General of Texas under
date of December 20, 1967. . . .such opinion
holds that the taking of such bids is not ap-
plicable to county expenditures for the pur-
chase of equipment for general use by the
county payable out of current funds, even
if the expenditure is $2,000.00 or more.
The reasoning used in the aforesaid opinion
should apply with like effect to the fact
situation presented here where the county
proposes to spend money for the purchase of
services as aforesaid.

"It is therefore the opinion of the
undersigned that it is not necessary for the
Commissioners Court of Bee County, Texas to
submit the above-mentioned contract calling
for an expenditure exceeding $2,000.00, to
competitive bids because such expenditures
is to be made by Bee County out of current
funds."

Section 2 of Article 2368a, Vernon's Civil Statutes,
is quoted, in part, as follows:

"Sec. 2. No county, acting through its
Commissioners Court, and no city in this state

> shall hereafter make any contract calling
> for or requiring the expenditure of payment
> of Two Thousand Dollars ($2,000.00) or more
> out of any fund or funds of any city or county
> or subdivision of any county creating or im-
> posing an obligation or liability of any nature
> or character upon such county or any subdivision
> of such county, or upon such city, without first
> submitting such proposed contract to competitive
> bids. . . .and provided further, as to contracts
> for personal or professional services; work done
> by such county or city and paid for by the day,
> as such work progresses; and the purchase of land
> and right-of-way for authorized needs and purposes,
> the provisions hereof requiring competitive bids
> shall not apply and in such cases the notice here-
> in provided shall be given but only with respect
> to an intention to issue time warrants with right
> of referendum as contemplated in Sections 3 and
> 4 hereof respectively. (Emphasis added.)
>
> ". . ."

The above quoted Section of Article 2368a, requires competitive bids for expenditures in excess of Two Thousand Dollars ($2,000.00) by cities and counties regardless of whether the expenditure is out of current funds or not. Attorney General's Opinion M-172 (1967) holds that the giving of notice of intention to take bids is not applicable if the expenditure by the county is out of current funds, even if more than $2,000.00.

The above quoted Section of Article 2368a expressly provides that contracts for personal or professional services do not have to be submitted to competitive bid. Attorney General's Opinions R-2315 (1951); C-156 (1963); C-267 (1964); and M-233 (1968).

Under the facts as submitted, it is our opinion that the contract in question falls within the personal or profes-sional service exception of competitive bidding as required by Article 2368a.

## S U M M A R Y

A Commissioners Court is not required to advertise and take competitive bids in order to award a contract for work or services which will consist of preparing the tax roll, tax reports, tax statements, inventory and proof roll, amounting to an annual charge not to exceed $2,500.00 to be paid out of current funds.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
James Quick
Alan Minter
Jim Swearingen
Mark White

A. J. CARUBBI, JR.
Executive Assistant